REBECCA RACE, PLAINTIFF, *v.* ARTHUR GILBERT AND
OTHERS, DEFENDANTS AND RESPONDENTS.

S. N. DADA, REFEREE, APPELLANT.

*Fees of a referee appointed to sell land in an action of partition — Code of Civil
Procedure, sec. 3297.*

Where a referee sells real estate under a decree in partition which directs him
to pay over the net proceeds of the sale to the parties entitled thereto, as pro-
vided in the decree, he is entitled to receive the same fees as a sheriff does
upon the sale of real estate under an execution, viz.: Three per cent on a
sum not exceeding $250, and two per cent on the residue.

The payment of the proceeds of the sale to the parties entitled thereto, as pro-
vided in the decree, is not a "distribution" thereof, within the meaning of the
second sentence of section 3297 of the Code of Civil Procedure, providing
that "where a referee is required to take security upon a sale or to distribute,
or to apply, or to ascertain and report upon the distribution or application of
any of the proceeds of the sale, he is also entitled to one-half of the commis-
sions upon the amount so secured, distributed or applied, allowed by law to
an executor or administrator for receiving or paying out money." This pro-
vision is only applicable to cases in which the referee is required to perform
some duty relating to the money realized, after the sale has been made, other
than the mere payment of the same directly to the parties to the action.

The referee is also entitled to receive from the grantee a fee of two dollars for
drawing the deed.

APPEAL by the referee, appointed to sell certain lands and pay over
the proceeds of sale to the parties in the action, from an order made at
a Special Term disallowing certain items of fees charged by him, and
directing him to pay over the amount thereof to the parties entitled
to receive the same.

The premises were bid off by the plaintiff for the sum of $7,600.
Out of the purchase-moneys the referee retained the gross sum of
$295 as his fees and for disbursements, of which sum twenty-nine
dollars was for fees; commissions on $250, at three per cent; com-
missions on $7,350, at two per cent, together making $154.50; also
the further sum of one-half of five per cent on $1,000; and one-half of
two and one-half per cent on $6,600, together making $107.50; and
for posting notices of sale two dollars; and for drafting the deed
two dollars. The entire sum realized on the sale was by the judg-
ment ordered to be paid directly to parties and in amounts specified
therein. On the motion of the defendants the Special Term struck

out the item of two dollars for drafting the deed and the second item of commissions, amounting to $107.50, and directed the referee to pay over those sums to the parties entitled thereto as provided in the judgment.

From this order the referee appealed.

*S. M. Dada*, appellant in person.

*George B. Warren*, attorney for the defendants, respondents.

BARKER, J.:

The fees of the referee for making the sale and paying over the avails to the parties, as directed by the judgment, are the same as those allowed to a sheriff for making a sale in a like case. (Code of Civil Pro., § 3297.)

Where a sheriff is directed by a judgment of a court to make a sale of real estate, he is entitled to the same fees as for like services upon a sale of real property by virtue of an execution, except that in mortgage foreclosure cases, his entire compensation cannot exceed fifty dollars. (Code, sub. 11, § 3307.) His fees for selling real estate on execution are fixed by subdivision 7 of the same section, and are three per cent on the sum not exceeding $250, and two per cent on the residue arising from the sale. The claim made by the referee to the fees rejected by the order of the Special Term is based upon the second paragraph in section 3297, which provides : "Where a referee is required to take security upon a sale, or to distribute, or apply, or ascertain and report upon the distribution or application of any of the proceeds of the sale, he is also entitled to one-half of the commissions upon the amount so secured, distributed or applied, allowed by law to an executor or administrator for receiving or paying out money."

It is obvious that this provision is not applicable to this case, and the disallowance of the commission charged by the referee under this provision was correct and the order should be affirmed. The judgment is specific in terms and directed the referee to pay over the moneys realized on the sale, to the parties, after deducting the commissions allowed him by law. The referee was not required to invest the money and take security therefor, nor in any manner to distribute the same.

The suggestion made by the referee that a payment over to the parties themselves of the moneys realized on the sale and directed by the judgment, is a distribution of the proceeds, is altogether a misconception of the object and purpose of the statute. The provisions are general and are applicable to all kinds of actions where the judgment provides for the sale of real estate, and is not limited to any particular class of actions.

The distribution which the statute contemplates, and which if made would entitle the referee to one-half the commissions allowed to an executor or administrator for receiving and paying out money, is limited to cases where, by the decree, the referee appointed to make the sale is required to perform some duty subsequent to the sale, relating to the money realized, and the mere payment of the same directly to the parties without investment, or being charged with the care and custody of the same, does not entitle him to commissions. If such is not the purpose of the statute, then, for aught we can see, both classes of commissions are given to a referee who makes a sale of real estate in any action, except in a foreclosure action.

We hold without hesitation, that the judgment in this case did not provide for a distribution of any of the moneys realized on the sale, so as to entitle the referee to the commissions disallowed by the Special Term. *Maher* v. *O'Conner* (61 How., 103) is not in conflict with these views. The terms of the decree in that case are not mentioned in the report, nor is the nature and character of the action stated, but a remark in the opinion of the court indicates that the views of the learned judge, are in accord with our own as to the meaning of the statute, for he says : " He (the referee) is only entitled to these commissions upon such of the proceeds as he actually did distribute or apply. What he paid over to the chamberlain was not, in my judgment, so distributed or applied within the meaning of the section."

The referee was entitled to a fee of two dollars for drawing the deed. This fee is allowed a sheriff on deeding the land sold on execution " to be paid by the grantee." (Subd. 9, § 3307.) We think this fee is chargeable to and must be paid by the grantee, when the sale is made by a referee as well as when made by a sheriff.

The order of the Special Term is affirmed, with ten dollars costs,. to be paid by the referee to the respondents.

SMITH, P. J., and HARDIN, J., concurred.

So ordered.